UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

D'ANNA WELSH,

    Plaintiff,

v.                                              Case No:  2:22-cv-216-JLB-NPM

WILLIAM V. MARTINEZ, JR., KELLY
MARTINEZ f/k/a KELLY ROUSSEAU,
PROSPERITY HOME MORTGAGE, LLC,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as
nominee for Prosperity Home Mortgage
and its Successors and Assigns,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff D'Anna Welsh's Emergency or Time-Sensitive Motion for Temporary Restraining Order and/or Preliminary Injunction to Prevent Further Fraudulent Transfers and Dissipation of Assets in which she seeks to restrain and enjoin Defendants Dr. William Martinez and Kelly Martinez. (Doc. 13.)   Dr. Martinez and Ms. Martinez (collectively, "Defendants") filed an opposition (Doc. 19), and Ms. Welsh has filed a reply (Doc. 24).   Upon careful review of Ms. Welsh's complaint, motion, and attached declaration, the issuance of a temporary restraining order or preliminary injunction is unwarranted. Accordingly, no hearing is necessary, and Ms. Welsh's motion (Doc. 13) is **DENIED**.

## BACKGROUND

Ms. Welsh is a judgment-creditor as to a $2,360,000 judgment against Dr. Martinez entered by a Connecticut superior court in 2012.  (Doc. 13-1 at 1, ¶ 2, at pp. 16–22.)[1]  In 2017, the Connecticut court held Dr. Martinez in contempt for violating its orders, including a 2012 asset standstill order.  (Id. at 2, ¶ 6.)[2]  In violation of that order, Dr. Martinez had transferred funds to his ex-wife's bank account "for the express purpose of placing the entirety" of his wages outside the reach of Ms. Welsh.  Welsh v. Martinez, 216 A.3d 718, 728 (Conn. App. Ct. 2019).  As a result, the court imposed a compensatory fine of $2.2 million "payable directly to [Ms. Welsh] in an amount of $25,000 per month, until such fine is paid in full."  Id. at 728–29.  On remand, the court calculated a fine of $2,048,009 to be paid to Ms. Welsh in the amount of $25,000 per month until paid in full.  Id. at 732–34; (Doc. 13-1 at 52–55.)

---

[1] Given the case's procedural posture, the facts will be presented in a light most favorable to Ms. Welsh.  See Elrod v. Burns, 427 U.S. 347, 350 n.1 (1976) ("[A]ll of the well-pleaded allegations [in a movant's] complaint and uncontroverted affidavits filed in support of the motion for a preliminary injunction are taken as true.").  Even accepting Ms. Welsh's averments as true, a temporary restraining order and preliminary injunction are unwarranted.  Because the facts underlying the money judgment—though unsettling—are immaterial to the resolution of Ms. Welsh's motion, they are not recounted here.  See Welsh v. Martinez, 114 A.3d 1231 (Conn. App. Ct. 2015); Welsh v. Martinez, 216 A.3d 718 (Conn. App. Ct. 2019).

[2] That asset standstill order provides as follows: "[Dr. Martinez] is enjoined from voluntarily transferring or encumbering any assets except business assets in the ordinary course of business and personal assets for ordinary living expenses, including court ordered alimony and child support."  (Doc. 13-1 at 435.)

In early 2020, Dr. Martinez withdrew funds from his retirement account and transferred funds as a purported down payment or gift on a house purchased by Ms. Martinez. (Doc. 13-1 at 4–5, ¶¶ 13–18.) This house was later sold. (Id. at 9, ¶¶ 47–49.) In August 2020, a Connecticut court again ordered Dr. Martinez to make payments. (Id. at 5–6, ¶¶ 23–25, at pp. 76–77.) Around the same time, Dr. Martinez transferred additional funds to Ms. Martinez as a down payment on another house. (Id. at 6–7, ¶¶ 26–33.) Also in August 2020, Dr. Martinez transferred money to Defendant Prosperity Home Mortgage, LLC to pay down the note which secured the mortgage on the house. (Id. at 8, ¶¶ 38–39.)

In December 2020, the Connecticut superior court found that Dr. Martinez remained in contempt for failure to make payments to Ms. Welsh and issued a capias warrant for his arrest. (Id. at 104–06.) He remains in contempt, and the capias warrant remains pending. Since August 2019, he has made only one payment to Ms. Welsh. (Id. at 344.) During time periods relevant to this motion, Dr. Martinez has been employed as a surgeon and has received income. (Id. at 12, ¶¶ 62–63, at pp. 135–56.)

In 2021, Ms. Welsh domesticated the Connecticut judgment as an active Florida judgment pursuant to Fla. Stat. § 55.505, in the Twentieth Judicial Circuit Court, Collier County. (Id. at 2, ¶ 3.) She also filed an action in the Middle District of Florida, raising several claims which are pending. See Welsh v. Martinez, No. 2:21-cv-396-JLB-NPM, (M.D. Fla. May 18, 2021), ECF No. 1. Nearly a year later, she filed this case in which she asserts, among others, claims under the

Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105, 726.106. (Doc. 1 at 18–30.)

More than three weeks after filing her complaint, Ms. Welsh filed an "emergency or time-sensitive" motion for a temporary restraining order or preliminary injunction as to Defendants. (Doc. 13.)³ Essentially, she seeks an order restraining and enjoining Dr. Martinez from transferring, concealing, or disposing his assets, and restraining and enjoining Ms. Martinez from assisting him in such activity. (Id. at 28–29.) Ms. Welsh further seeks an order requiring Ms. Martinez to "escrow and place a hold on, and . . . not transfer, encumber, conceal, nor dispose of any material asset received from Defendant Martinez since July 9, 2012." (Id. at 29.)

The Court undertook an immediate review of the purported "emergency or time-sensitive" filing and found that it did not warrant handling on an emergency basis or without an opportunity for Defendants to respond. (Doc. 16.) Defendants filed an opposition (Doc. 19), and Ms. Welsh has filed a reply (Doc. 24).

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 allows courts to issue a preliminary injunction "on notice to the adverse party." Fed. R. Civ. P. 65(a). A preliminary injunction is an "extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). The party seeking a preliminary

---

³ Ms. Welsh's motion exceeds the length permitted by the Local Rules, and she did not seek leave to exceed the limit. See M.D. Fla. Local Rule 3.01(a). Counsel is reminded to adhere to the Local Rules in the future.

injunction or temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) that irreparable harm will be suffered absent relief; (3) that the threatened injury to the movant outweighs any harm that might result to the nonmovants; and (4) that entry of the relief would serve the public interest. See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1284 (11th Cir. 1990); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). The movant bears the "burden of persuasion" as to each requirement. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

## DISCUSSION

Here, a temporary restraining order and preliminary injunction are unwarranted because Ms. Welsh has failed to establish that she will suffer irreparable harm if relief is not granted.

As noted, Ms. Welsh bears the burden to show that she will suffer irreparable harm without a preliminary injunction or temporary restraining order. Id. "A showing of irreparable injury is the sine qua non of injunctive relief." Id. (quotation omitted). The "possibility" of an irreparable injury is insufficient. See Winter, 555 U.S. at 22. "Irreparable injury must be neither remote nor speculative, but actual and imminent." SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A., 243 F. App'x 502, 504 (11th Cir. 2007) (quotation omitted).

In support of Ms. Welsh's position that she will suffer an actual and imminent irreparable harm, Ms. Welsh argues that, given Dr. Martinez's history of nonpayment and fraudulent transfers, a preliminary injunction is necessary to "stop

the metaphorical bleeding" and "prevent [him] from fraudulently transferring all his assets and income to avoid the Court's contempt powers." (Doc. 13 at 26.) In other words, she is concerned that she will be unable to collect on her money judgment or the payments owed to her. (Id.; see also Doc. 24 at 7.) Similarly, she asserts that if Dr. Martinez "is not enjoined from further dissipating his assets, a remedy at law will not suffice as the assets already will be gone and Plaintiff will be left with nothing to collect against." (Doc. 13 at 27.)

Generally, however, an "irreparable injury" is an injury that a monetary judgment cannot remedy. See, e.g., Regions Bank v. Kaplan, No. 8:16-cv-2867-T-23AAS, 2017 WL 3446914, at *2 (M.D. Fla. Aug. 11, 2017) (denying preliminary injunction in fraudulent transfer case). Indeed, "[t]he key word in this consideration is irreparable . . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am., 896 F.2d at 1285. Here, the remedies sought by Ms. Welsh relate only to collecting the money owed to her.

To be sure, "in extraordinary circumstances, concerns about collectability can give rise to the irreparable harm necessary for a preliminary injunction." Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs., 4 F.4th 1220, 1226 (11th Cir.), vacated on other grounds, 20 F.4th 1385 (11th Cir. 2021) (quotation omitted); United States v. Askins & Miller Orthopaedics, P.A., 924 F.3d 1348, 1359 (11th Cir. 2019) (noting that in tax context, "the collectability of a future money judgment to redress future

harms is relevant in determining whether legal remedies are adequate"). But "a plaintiff cannot obtain a preliminary injunction based on mere speculation that collecting a future money judgment would be difficult." Citizens Asset Fin., Inc. v. Stafford Transp. of La., Inc., No. 1:21-cv-2336-MHC, 2021 WL 6428045, at *4 (N.D. Ga. Oct. 22, 2021) (citing Brown, 4 F.4th at 1227). Instead, courts have required plaintiffs to "provide some evidence regarding the defendant's inability to pay or the barriers to collection." Id.

Here, there has been no such showing. First, although Dr. Martinez may dispute it, Ms. Welsh's argument is premised on the fact that Dr. Martinez has the ability to pay the money owed. (Doc. 13 at 17–18, 20–24.) Further, apart from the prior purportedly fraudulent transfers, there is no indication that Dr. Martinez is again attempting to transfer funds in violation of the Connecticut court's orders. Ms. Welsh herself acknowledges that "[i]t is not known how Martinez fraudulently transferred the entirety of the $189,926 he received within the past few months." (Doc. 13-1 at 13, ¶ 69.) In all events, speculation of future insolvency or conclusory assertions of a financial condition are generally insufficient. See FHR TB, LLC v. TB Isle Resort, LP., 865 F. Supp. 2d 1172, 1213–14 (S.D. Fla. 2011) (collecting cases).

Notably, Ms. Welsh does not address the usual tools for collecting on a civil judgment in her motion. (Doc. 13 at 26–27.) Defendants observe that Ms. Welsh can "prevent Dr. Martinez from 'dissipating' his wages" by "attempt[ing] to obtain a wage garnishment." (Doc. 19 at 8.) In response, Ms. Welsh merely states that Dr.

Martinez has opposed such wage garnishment. (Doc. 24 at 6.) Indeed, in Florida state court Ms. Welsh has sought garnishment, which was rejected on the basis that, among other reasons, the foreign order or judgment does not contain the words, "for which let execution issue." (Doc. 19 at 9; Doc. 19-1 at 37–38.) This does not necessarily mean she is unable to collect, however. For example, she could attempt to obtain an order or judgment that would permit garnishment by a Florida state court.[4] Alternatively, she fails to explain why she would be unable to collect on any money judgment entered by <u>this</u> Court, which also has the authority to issue writs of garnishment and hold individuals in contempt. (Doc. 13 at 26); <u>Regions Bank</u>, 2017 WL 3446914, at *3 (noting that the Florida Uniform Fraudulent Transfer Act "affords [movant] a legal remedy that gravitates strongly against the prospect of an irreparable injury. [Movant] can obtain a money judgment against [the nonmovant] for the amount of the fraudulent transfers").

Finally, although not necessary to the determination that a temporary restraining order or preliminary injunction is unwarranted, the Court notes the procedural history of this case. This lawsuit is premised on purportedly fraudulent transfers that chiefly occurred in 2020. (Docs. 1, 27.) In 2021, Ms. Welsh filed a related action which includes allegations as to at least one of those transfers. <u>Welsh</u>, No. 2:21-cv-00396-JLB-NPM, ECF No. 1 at 18–19. She did not file this

---

[4] In making this observation, the Court makes no determination as to whether such language is required for the Connecticut court orders to be enforceable in this, or in any other, action. Indeed, in finding the absence of an irreparable harm, the Court need not address the merits of Ms. Welsh's underlying claims.

action until April 5, 2022 and did not file her "emergency or time-sensitive" motion for a temporary restraining order or preliminary injunction until April 27, 2022, more than three weeks later—and more than two years after the initial fraudulent transfer. (Docs. 1, 13.) The Court thus expresses its skepticism as to the threat of an "<u>imminent</u> irreparable harm." See <u>Wreal, LLC v. Amazon.com, Inc.</u>, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm."); <u>see also</u> <u>Regions Bank</u>, 2017 WL 3446914, at *3 (finding relevant that movant "waited five months after learning about the allegedly fraudulent transfers to begin this action and waited another three months to request a preliminary injunction").

In summary, absent a showing of an imminent and irreparable harm, no temporary restraining order or preliminary injunction shall issue.[5] Ms. Welsh's

---

[5] Ms. Welsh also cites section 726.108 of the Florida Statutes, which provides that "[i]n an action for relief against a transfer or obligation . . . a creditor . . . may obtain: . . . An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property[.]" Fla. Stat. § 726.108(1)(c)(1); (Doc. 13 at 19.) However, she must nevertheless satisfy the requirements for a preliminary injunction or temporary restraining order, including showing an irreparable harm. See <u>Regions Bank</u>, 2017 WL 3446914, at *2. Likewise, her reference to section 222.30(3) of the Florida Statutes is unavailing. (Doc. 13 at 19); Fla. Stat. § 222.30(3) (providing for injunctive relief "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure").

request is thus due to be denied without prejudice, subject to her ability to seek such relief in the future should circumstances materially change.

## CONCLUSION

Accordingly, Plaintiff's Emergency or Time-Sensitive Motion for Temporary Restraining Order and/or Preliminary Injunction to Prevent Further Fraudulent Transfers and Dissipation of Assets (Doc. 13) is **DENIED without prejudice**, subject to Plaintiff's ability to seek such relief in the future should circumstances materially change.

**ORDERED** at Fort Myers, Florida, on June 30, 2022.

*[signature]*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE