UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**D'ANNA WELSH,**

Plaintiff,

v. Case No. 2:22-cv-216-JLB-NPM

**WILLIAM V. MARTINEZ, JR. and KELLY MARTINEZ,**

Defendants.

---

**ORDER**

Before the court are defendants' motion for protective order (Doc. 54) and plaintiff D'Anna Welsh's motion to compel discovery responses and for sanctions (Doc. 61). For the reasons described below, defendants' motion is denied, and Welsh's motion is granted.

## I. Background and Procedural Posture

The facts here are extensive and have been summarized by the court in a previous order, (*see* Doc. 41 at 2-4), so they will not be repeated here in full. But for present purposes, Welsh is a judgment-creditor as to a $2,360,000 judgment against Dr. William Martinez entered by the Connecticut Superior Court in 2012. (Doc. 13-1 at 1 ¶ 2). To date, Dr. Martinez has not paid any of this judgment, and he is in contempt with the Connecticut Superior Court. (Doc. 13-1 at 104-06). Welsh brought this action alleging that, rather than pay the judgment, Dr. Martinez

transferred funds to Kelly Martinez in violation of Florida's Uniform Fraudulent Transfer Act ("UFTA"). (*See generally* Doc. 27). Welsh has also filed three other lawsuits of a related nature in state and federal courts. (Doc. 54 at ¶ 1).

On June 29, 2022, defendants moved to dismiss Welsh's first amended complaint. (Doc. 40). Their arguments were two-fold: (1) that Welsh failed to plead fraud with particularity as required by Rule 9(b), and (2) she failed to state a cause of action because all assets that allegedly were fraudulently transferred are exempt from the UFTA. (*Id.*) Later, on August 5, 2022, Welsh served both defendants with requests for production and interrogatories. (Doc. 61-1). Around two weeks after that, defendants filed a motion for protective order. (Doc. 54). Therein, they claim that Welsh's discovery requests are unduly burdensome because she has served similar discovery requests in each of her four related cases against defendants to which they have already responded. (*Id.* at ¶¶ 1, 3-4). They also argued that answering Welsh's discovery would be pointless since their motion to dismiss was pending, which they felt would dispose of this case. (*Id.* at 2, 5). They asked for a stay of deposition discovery until resolution of the motion to dismiss, and for their responses to written discovery to be due thirty days later.

With their motion for protective order pending, defendants never answered Welsh's interrogatories or responded to her request for production. So she moved to compel them. (Doc. 61). And while the discovery motions were pending, the court

summarily denied defendants' motion to dismiss because Rule 9(b)'s heightened pleading requirements do not apply and the potential viability of an affirmative defense does not make for a failure to state a claim. (Doc. 70).

## II. Legal Analysis

### A. While Moot, the Motion for Protective Order was also Meritless

Because the court denied the motion to dismiss, the request to stay deposition discovery and delay written discovery responses until after its resolution is moot. But even if the motion to dismiss was still pending, the request to delay discovery would still be rejected.

As an initial matter, the motion failed to comply with Middle District of Florida Local Rule 3.01(a). This rule provides that "[a] motion must include . . . a concise statement of the precise relief requested, a statement of the basis of the request, and a legal memorandum supporting the request." M.D. Fla. Local Rule 3.01(a). Defendants' motion falls well short of this standard. It fails to cite any evidence or authority in support of its request, and even fails to attach or discuss with any reasonable specificity the discovery requests at issue. It is due to be denied on this basis alone.

The grounds for the motion also lacked any merit. There is no general rule that discovery be stayed while a pending motion to dismiss is resolved. *United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL

6163122, *1 (M.D. Fla. Oct. 7, 2022). Indeed, such requests "are generally disfavored because they unreasonably delay the progress of the case and impede the Court's ability to manage discovery." *Tech Traders, LLC v. Insuladd Env't, Ltd.*, No. 6:18-cv-754ORL40GJK, 2018 WL 8369219, *1 (M.D. Fla. Oct. 5, 2018). The party moving to stay discovery bears "the burden of showing good cause and reasonableness." *McCabe*, 233 F.R.D. at 687.

Defendants' primary argument for staying discovery was their unfounded belief that their motion to dismiss would prevail and dispose of the case, rendering discovery moot. (Doc. 54 at ¶ 5; Doc. 65 at 3-5). When determining whether to stay discovery in such a circumstance, the court need not rule on the motion to dismiss. *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819 (S.D. Fla. May 14, 2021) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Rather, the court should "'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* But the court here has already taken it a step further. Defendants' motion to dismiss was so devoid of merit that it was summarily denied.

Defendants' additional arguments fare no better. They complained that responding to Welsh's discovery requests would be burdensome and duplicative due to purportedly similar discovery requests in the three other cases. (Doc. 54 ¶ 3; Doc. 65 ¶ 3). But this assertion is a gross mischaracterization. In fact, Welsh's discovery

requests explicitly limited responsive documents to those "not previously provided in other litigation." (Doc. 59 at 16; Doc. 61-1). And the mere fact defendants would expend resources responding to discovery is not itself unusual or prejudicial. *See Blue Heron Com. Grp., Inc. v. Webber*, No. 2:18-cv-467-FTM-29CM, 2018 WL 5014374, *1 (M.D. Fla. Oct. 16, 2018). Thus, for a host of reasons, the motion for protective order is denied.

**B. Welsh's Motion to Compel**

While defendants' motion for protective order was pending, Welsh filed a motion to compel defendants' answers to interrogatories and responses to her requests for production. Essentially, she argues that defendants' motion was not self-executing, so their failure to timely respond constitutes a waiver of any objections. This point is well taken. *See* M.D. Fla. Civil Discovery Handbook § VII.A ("The mere filing of a motion for protective order does not . . . excuse the moving party from complying with the requested or scheduled discovery."). And given the arguably frivolous nature of defendants' motion to dismiss, the court agrees with Welsh's contention that the motion for protective order was nothing more than a delay tactic.

Regardless, the court has reviewed Welsh's discovery requests and finds them relevant, proportional, and not worthy of limitation under Rule 26(b)(2) or 26(c). And the discovery responses are overdue. Thus, the motion to compel is granted. By

**December 9, 2022**, William and Kelly Martinez must respond in full to the interrogatories by serving signed answers under oath; they will produce all responsive, non-privileged documents and a privilege log for any responsive documents withheld from production; and, they will respond to the requests for admissions in conformity with Rule 36(a)(3)-(4).

**C. Welsh's Request for Sanctions**

Having denied defendants' motion for protective order and granted Welsh's motion to compel, the court must award Welsh her expenses related to both motions, including attorney's fees, unless any such award would be unjust. FED. R. CIV. P. 37(a)(5)(A), (B). Given the circumstances discussed above, the court finds that expense-of-motion awards to Welsh for both motions is justified. By **December 9, 2022**, Welsh may file a declaration delineating her fees and expenses related to opposing defendants' motion for protective order and filing her motion to compel, or she may file a notice certifying the parties have resolved the expense-of-motion awards. Within fourteen (14) days of the filing of any such declaration, defendants may file a response discussing the reasonableness of the fees and expenses requested but not Welsh's entitlement to them.

Accordingly, it is hereby **ORDERED**:

(1) Defendants' Motion for Protective Order (Doc. 54) is **DENIED**.

(2) Welsh's motion to compel and for sanctions (Doc. 61) is **GRANTED**. The parties must comply with the deadlines set forth in this order.

(3) Welsh's request for leave to file a reply brief in support of her motion to compel (Doc. 66) is **DENIED** as moot.

**ORDERED** on November 18, 2022.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE