UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

D'ANNA WELSH,

    Plaintiff,

v.                                                        Case No: 2:22-cv-216-JLB-NPM

WILLIAM V. MARTINEZ, JR., KELLY
MARTINEZ f/k/a KELLY ROUSSEAU,

    Defendants.
_____/

## ORDER

Before the Court is defendant William V. Martinez, Jr.'s and defendant Kelly Martinez's (together, "Defendants") Opposed Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. 53) (the "Sanctions Motion"), in which they seek sanctions against plaintiff D'Anna Welsh ("Plaintiff") for her filing of an amended complaint (Doc. 27) (the "Amended Complaint") and Plaintiff's Emergency or Time-Sensitive Motion for Temporary Restraining Order and/or Preliminary Injunction to Prevent Further Fraudulent Transfers and Dissipation of Assets (Doc. 13) (the "Emergency Motion"). Plaintiff filed a response in opposition to the Sanctions Motion (Doc. 58) (the "Opposition"). Upon careful review of the Sanctions Motion and the Opposition, the Court finds that sanctions are not warranted at this time. Accordingly, the Sanctions Motion is **DENIED without prejudice**.

## BACKGROUND

The facts in this case are voluminous and many appear to be disputed. The Court will summarize the factual and procedural background that is relevant to the

Court's evaluation of the Sanctions Motion. Plaintiff alleges that she is a judgment-creditor as to a $2,360,000 judgment against Defendant William Martinez (hereinafter referred to as "Dr. Martinez") entered by the Connecticut Superior Court in 2012. (Doc. 27 at ¶ 13). Plaintiff also alleges that, other than a payment made in September 2020, Dr. Martinez has failed to make court-ordered monthly payments from 2020 through at least the date of the Amended Complaint. (*Id.* at ¶¶ 40, 42). Plaintiff brought this action alleging, among other things, that Dr. Martinez transferred cash for down payments and purchases of certain properties in violation of Florida's Uniform Fraudulent Transfer Act ("FUFTA"). (*Id.* at ¶¶ 96–113).

On April 27, 2022, Plaintiff filed the Emergency Motion. (Doc. 13). The Court entered a text order on April 28, 2022, finding that the Emergency Motion did not warrant handling on an emergency basis or without an opportunity for Defendants to respond, and set an expedited briefing schedule. (Doc. 16). On May 5, 2022, Defendants filed an opposition to the Emergency Motion. (Doc. 19). Thereafter, with the Court's leave, Plaintiff filed a reply in support of her Emergency Motion. (Doc. 24).

In the Emergency Motion, Plaintiff requested that the Court enter a temporary restraining order and preliminary injunction, among other things, (i) directing Dr. Martinez to abide by all court orders and (ii) enjoining Dr. Martinez from voluntarily transferring or encumbering any assets except for business assets in the ordinary course of business and personal assets for ordinary living expenses

or concealing, damaging, or disposing of any assets, except by written consent of the parties or an order of the Court. (Doc. 13 at 28–29). Plaintiff claimed that she was "sustaining irreparable harm and severe prejudice amid the continuing fraudulent conveyances perpetrated by Defendant Martinez." (*Id.* at 4). The Court denied the Emergency Motion, holding that Plaintiff failed to show irreparable harm. (Doc. 41 at 9).

Plaintiff filed the Amended Complaint on June 1, 2022, and the redline attached to it reflects that Plaintiff removed certain defendants, added factual allegations, and revised certain claims. (Doc. 27 at 173–209). On June 29, 2022, Defendants filed the Opposed Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. Pro. 9(b) and 12(b)(6) (the "Motion to Dismiss"). (Doc. 40). Plaintiff filed opposition to the Motion to Dismiss on July 27, 2022. (Doc. 47). On November 14, 2022, the Court entered an Endorsed Order denying the Motion to Dismiss because Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements are inapplicable to fraudulent transfer claims under FUFTA and there was no basis for dismissal on any statutory exemption ground. (Doc. 70).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, an attorney who files a pleading in federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

3

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b). Sanctions may be awarded under Rule 11:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citation omitted).

The inquiry under Rule 11 is "whether the party's claims are objectively frivolous" and "whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11, advisory committee's note (1993 Amendments); *Lawson v. Sec'y, Dep't of Corr.*, No. 13-12786, 2014 WL 1491862, at *1 (11th Cir. Apr. 17, 2014) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue:

4

whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." (quotation omitted)). "Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'" *Baker*, 158 F.3d at 523 (citing *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987)). Notably, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Afrin v. Belk Inc.*, Case No. 5:20-cv-3-JSM-PRL, 2021 WL 2435184, at *2 (M.D. Fla. Mar. 10, 2021) (citation omitted).

## DISCUSSION

Defendants raise several arguments in support of their request for sanctions. The Court will address them in turn.[1]

### I. Whether Plaintiff should be sanctioned for filing the Amended Complaint.

Defendants argue that the filing of the Amended Complaint is sanctionable because retirement accounts are exempt assets under Florida law, and a homestead is a protected asset under Art. X § 4(a)(1) of the Florida Constitution. (Doc. 53 at 7–9). Defendants contend that Plaintiff cannot "bring forth an action against Dr. Martinez for transferring or converting an exempt asset into another exempt asset, since the initial exempt asset was immune from the creditor's claim in the first place." (*Id.* at 8–9). The Opposition retorts that the Englewood Property was not

---

[1] Because the Court finds that sanctions are unwarranted at this time, no hearing on the Motion for Sanctions is necessary. *See Donaldson v. Clark*, 819 F.2d 1551, 1561 (11th Cir. 1987) ("To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of the sanction proceedings to the record.") (citation omitted).

5

Dr. Martinez's homestead because Dr. Martinez never owned the Englewood Property. (Doc. 58 at 16). Defendants also assert that Plaintiff "continues to bring frivolous claims that have no legal merit," which "demonstrate that [Plaintiff and her counsel] have no respect for the cost of litigation and that they would rather waste judicial resources and harass Dr. Martinez – and now his wife – by forum shopping and needlessly requiring him to spend time, energy, and money to defend such frivolous suits." (Doc. 53 at 11–12). Without reaching the merits of any of Plaintiff's claims or Defendants' defenses, the Court disagrees that the filing of the Amended Complaint is sanctionable at this time.

First, the question of whether the Englewood Property was Dr. Martinez's homestead may be resolved on a summary judgment motion or may have to be resolved at trial. *See Pasternack v. Klein*, Case No. 8:16-cv-482-T-33CPT, 2019 WL 330593, at *1 (M.D. Fla. Jan. 25, 2019) (case proceeded to bench trial to determine, in part, whether certain property was defendant's homestead). Thus, it would be inappropriate for this Court to opine on whether the Amended Complaint is based on a legal theory that has no reasonable chance of success at this juncture in the case because that question goes to the merits and legal sufficiency of the action. *See Bigford v. BESM, Inc.*, CASE NO. 12-61215-CIV-WILLIAMS/SELTZER, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (citation omitted) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."). It is also

simply premature for the Court to determine whether the Amended Complaint is so frivolous as to be subject to Rule 11 sanctions. *See KB Home v. Smith*, Case No.: 8:13-cv-2644-T-27EAJ, 2014 WL 12621583 at *2 (M.D. Fla. May 7, 2014) ("[I]t is not possible to determine on this record if the allegations of the Amended Complaint are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making reasonable inquiry, and whether [defendant's] motion is baseless. Imposition of sanctions is more appropriately considered at the end of the litigation.") (citation omitted).

Accordingly, the Court declines to sanction Plaintiff for filing the Amended Complaint at this time.

## II.   Whether Plaintiff should be sanctioned for filing the Emergency Motion.

Defendants also assert that the Court should sanction Plaintiff for filing the Emergency Motion because there is no reasonable factual or legal basis to support Plaintiff's claim that she would have suffered irreparable injury absent an injunction and because Plaintiff was aware that a wage garnishment or other collection efforts could be attempted to collect the amount due. (Doc. 53 at 12–13).

As the Court noted in its order on the Emergency Motion, "in extraordinary circumstances, concerns about collectability <u>can</u> give rise to the irreparable harm necessary for preliminary injunction." (Doc. 41 at 6) (emphasis added) (quoting *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1226 (11th Cir. 2021), *vacated on other grounds*, 20 F.4th 1385 (11th Cir. 2021) (quotation omitted))). There is documentary evidence that a $2,360,000 judgment was entered

7

against Dr. Martinez in 2012. (Doc. 27 at 31–38). And in reviewing Defendants' pleadings and motions, Defendants do not seem to deny that Plaintiff is still Dr. Martinez's judgment-creditor. Accordingly, even though the Court ultimately denied the relief sought in the Emergency Motion, the Court does not find that it was objectively frivolous or was presented to the Court for an improper purpose. *See Baker*, 158 F.3d at 524 (sanctions not warranted "when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law"). Accordingly, the Court declines to sanction Plaintiff for filing the Emergency Motion.

## CONCLUSION

For the reasons above, Defendants' Motion for Sanctions is **DENIED** without prejudice to renewal after the summary judgment stage of the case or trial. The Court has carefully reviewed the docket of this case and notes that it has spent a considerable amount of time addressing issues unrelated to resolving the merits of this case. Counsel is reminded to <u>meaningfully</u> confer to avoid the filing of unnecessary motions, whether marked as emergencies or not. The Court expects the utmost civility and professionalism from all counsel who appear before it, no matter the case or controversy.

**ORDERED** at Fort Myers, Florida on January 9, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE