UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

D'ANNA WELSH,

      Plaintiff,

v.                                                    2:22-cv-216-JLB-NPM

WILLIAM V. MARTINEZ, JR. and
KELLY MARTINEZ,

      Defendants.

---

## ORDER

      This is a fraudulent-transfer action that involved multiple discovery disputes. On June 29, 2022, defendants filed a motion to dismiss. (Doc. 40). Apparently believing this relieved them of their discovery obligations, they declined to respond to plaintiff D'Anna Welsh's interrogatories or requests for production. They later moved for a protective order seeking a stay of deposition discovery until the motion to dismiss was resolved, with their written discovery responses to be due thirty days later. (Doc. 54). But meanwhile, they still refused to respond to plaintiff's discovery requests. As a result, Welsh moved to compel them. (Doc. 61).

      We denied defendants' motion for protective order and granted Welsh's motion to compel. And in doing so, we awarded Welsh her expenses related to both motions. (Doc. 74).[1] Welsh now seeks $8,235 in fees. This includes 9.3 hours for

---

[1] The parties have forfeited any objections to this order. *See* Fed. R. Civ. P. 72(a).

work on the response to the defendants' motion for a protective order and 8.4 hours for the motion to compel at $450 per hour. (Doc. 76).

When awarding fees under Rule 37, "there must be a causal connection between the discovery violation and the reasonable expenses incurred." *Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-cv-239-TKW-GRJ, 2020 WL 13189031, *1 (N.D. Fla. Apr. 27, 2020) (internal citation omitted). And in calculating such an award, federal courts use the lodestar method. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349–50 (11th Cir. 2009); *see also Flexsteel*, 2020 WL 13189031, at *1 (collecting cases). "Under the lodestar method, courts determine attorney's fees based on the product of the reasonable hours spent on the case and a reasonable hourly rate." *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019).

First, the reasonable hourly rate. A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant legal community" is "'the place where the case is filed.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "The party seeking attorneys' fees bears the burden of establishing that the requested hourly rate is in line with prevailing market rates." *Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the

work" and usually includes "direct evidence of charges by lawyers under similar circumstances or . . . opinion evidence." *Norman*, 836 F.2d at 1299. But at the end of the day, the court itself is an expert in determining a reasonable hourly rate. *See Norman*, 836 F.2d at 1303.

To support a $450 hourly rate, Welsh has supplied less than sufficient evidence: just a declaration from her counsel. Therein, Welsh's counsel identifies his position as managing attorney of his firm, education, different bar admissions, and 17-year practice. He also notes that he has twice been awarded an hourly rate of $450—by a Connecticut bankruptcy court and a Florida state court. But we are not persuaded that a $450 hourly rate is justified here for a routine motion to compel and a response brief that a first-year associate could have easily prepared. *See, e.g.*, *Tri-City R.R. Co., LLC v. Preferred Freezer Servs. of Richland, LLC*, No. 2:19-cv-00045-SAB, 2020 WL 3620225, *2 (E.D. Wash. Mar. 19, 2020) (finding it clear that defendant's fee was not reasonable given the routine nature of the motion to compel). Neither the motion to compel nor the response to defendants' motion contained novel legal theories or difficult factual issues. Instead, a straightforward issue was presented in which defendants refused to respond to discovery. So, an hourly rate of $300 is appropriate.

Next is the reasonableness of the hours expended. Again, the applicant bears the burden of establishing an appropriate number of hours. *Norman*, 836 F.2d at

1299. In doing so, the fee applicant "must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434, (1983)) (cleaned up). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Welsh seeks 9.9 hours for the response to defendants' motion for protective order. This, too, is excessive since almost half of the response provides a factual background of the entire case, which had no bearing on the discovery dispute. (Doc. 59). She also seeks 8.4 hours for the motion to compel. But, as previously noted, this was a straightforward motion. Plus, only 7 of its 26 pages contain substantive argument. The remaining pages list each discovery request or provide more background. (Doc. 61). Thus, only four hours for the response to defendants' motion for a protective order and two hours for the motion to compel are reasonable.

Accordingly, Welsh is awarded fees for six hours of work at $300 an hour, which totals **$1,800**. This amount is reasonable and adequately compensates Welsh for the expenses incurred due to defendants' discovery violations. By

**April 22, 2025**, defendants must submit payment for the attorney's fees to Welsh's

counsel and file a notice of compliance.

           **ORDERED** on April 8, 2025

           _____

           NICHOLAS P. MIZELL

           United States Magistrate Judge